IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:05CR198 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | FOR DETENTION OF WITNESS |
| | ) | **Saul Octaviano-Beltran** |
| EDGAR ELIAS REGALADO-MARIN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the application of the United States for the arrest and detention of a material witness, Saul Octaviano-Beltran. The court having found that the application set forth the materiality of the witness' testimony in the above-captioned matter and that it may become impracticable to secure the presence of the witness by subpoena, an arrest warrant was issued for the arrest of witness Saul Octaviano-Beltran pursuant to 18 U.S.C. § 3144. Following the witness' arrest , the witness Saul Octaviano-Beltran was brought before the undersigned magistrate judge for a hearing.

Saul Octaviano-Beltran appeared with his court-appointed counsel, Steven S. Chase. The United States was represented by Assistant U.S. Attorney Christian A. Martinez. During the hearing, Sharon Spence, a certified interpreter in the Spanish language, was present by remote telephone hook-up.

The material witness offered no evidence. I find that the testimony of Saul Octaviano-Beltran would be material in this criminal proceeding against Edgar Elias Regalado-Marin. I further find that it may become impracticable to secure the presence of the witness by subpoena if the witness absconds to Mexico if he were released from custody on conditions. Since the INS has placed a detainer with the U.S. Marshal for removal proceedings with regard to the witness and the witness has no roots in this community or state, I find that there

is no condition or combination of conditions that would reasonably assure the presence of the witness for the upcoming criminal proceedings in this matter if he was released on conditions.

**IT IS ORDERED:**

1. The witness, Saul Octaviano-Beltran, is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The witness shall be afforded a reasonable opportunity for private consultation with her counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the witness to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

2. Any motion or request for a deposition of the witness pursuant to Fed. R. Crim. P. 15(a) and 18 U.S.C. § 1344 shall be served on all parties to this case.

DATED this 23rd day of May, 2005.

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge